NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MARC GOODSON,

    Petitioner,

v.

CHRISTOPHER HOLMES et al.,

    Respondents.

Civil Action No. 13-3026 (RMB)

**OPINION**

---

Petitioner Marc Goodson ("Petitioner") filed the instant Petition ("Petition"), seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254(a). He is challenging his judgment of conviction rendered by the Superior Court of New Jersey.[1] See Docket Entry No. 1. Since the record located by this Court indicates that the Petition is untimely and, in addition, Petitioner's claims might have become moot, the Court will dismiss the Petition and decline to issue a certificate of appealability. However, mindful of Petitioner's pro se litigant status, the Court will retain jurisdiction over this matter for ninety days to allow Petitioner an opportunity to address these issues. See United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005) (en banc).

---

[1] Petitioner's application to proceed in this matter in forma pauperis (IFP) was granted and a notice ("Mason") was issued pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). See Docket Entries Nos. 2 and 3. However, no statement in the IFP or Mason orders reflected on the substantive or procedural validity or invalidity of Petitioner's § 2254 application. See id.

I.  BACKGROUND

The Petition asserted that, on the charges under attack, Petitioner was convicted in the Law Division on August 12, 2003, and sentenced to a ten-year term, with five-year parole ineligibility.[2] See Docket Entry No. 1, at 3. That conviction was affirmed by the Appellate Division on March 24, 2006. See id.; accord State v. Goodson, Crim. App. No. A-3968-03 (N.J. Super. Ct. App. Div. Mar. 24, 2006) (state records cited in State v. Goodson, 2012 WL 1672877, at *2 (N.J. Super. Ct. App. Div. May 15, 2012)). The Petition acknowledged that the Supreme Court of New Jersey denied him certification as to the direct appeal. The records of the Supreme Court of New Jersey indicate that the denial order was issued on September 21, 2006. See State v. Goodson, 188 N.J. 356 (2006). Petitioner stated that he sought no certiorari from the United States Supreme Court. See Docket Entry No. 1, at 4.

While Petitioner indicated that he sought post-conviction review ("PCR"), he did not provide the date when he filed that PCR

---

[2] Petitioner's public record maintained by the New Jersey Department of Corrections indicates four different convictions, rendered on August 12, 2002; August 12, 2003; June 22, 2004; and January 28, 2008. See https://www6.state.nj.us/DOC_Inmate/details?x=1066171&n=0. The sentences corresponding to these convictions indicate that Petitioner could now be incarcerated solely pursuant to the judgment of conviction rendered on January 28, 2008, which imposed an eight-year term yielding Petitioner's current maximum release date of August 26, 2016. See id. In contrast, all Petitioner's other sentences expired, including the one ensuing from the judgment rendered on August 12, 2003, that is challenged in this matter: that sentence could have expired as early as on August 11, 2008, under the built-in parole clause.

2

application. The records of the state courts fill this informational gap, indicating that the PCR application at issue was filed on January 10, 2008. See Goodson, 2012 WL 1672877, at *2. The Law Division denied Petitioner PCR first on July 22, 2008, without holding an evidentiary hearing. See id. at 3. Upon Petitioner's appeal, the Appellate Division remanded for a PCR review with an evidentiary hearing. On November 10, 2010, the trial court again denied PCR. Id. at 4. That denial was affirmed by the Appellate Division on May 15, 2012, see Goodson, 2012 WL 1672877, and the Supreme Court of New Jersey denied certification as to Petitioner's PCR challenges on November 16, 2012. See State v. Goodson, 212 N.J. 456 (2006). The Petition at bar was executed on April 26, 2013, see Docket Entry No. 1, at 16. Thus, it is evident that the Petition could not have been handed by Petitioner to his prison officials for mailing to the Court prior to that date.

II. DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1).

A state-court criminal judgment becomes "final," within the meaning of §2244(d)(1), by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); accord Arriaza Gonzalez v. Thaler, 132 S. Ct. 641 (Jan. 10, 2012); U.S. Sup. Ct. R. 13.

Since the New Jersey Supreme Court denied Petitioner certification as to his direct appeal on September 21, 2006, Petitioner's AEDPA period of limitations was triggered 90 days later, i.e., on December 20, 2006, when Petitioner's time to seek certiorari from the United States Supreme Court expired. See id. Hence, his one-year AEDPA period began running on December 21, 2006, and expired one year later, on December 20, 2007, that is, about six and a half years prior to execution of the Petition at bar. Therefore, unless the Petition qualifies for a tolling exception, it is facially untimely and should be dismissed as such.

The AEDPA statute of limitations is subject to two distinct tolling exceptions, one is statutory and another is equitable. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J.

4

State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Here, however, neither tolling exception applies.

While Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), Petitioner's filing of his PCR application on January 10, 2008, could not have triggered the statutory tolling since his PCR filing took place after the December 20, 2007, date, that is, the date when Petitioner's AEDPA period expired. See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004) (a PCR filing made after expiration of the AEDPA period cannot render the § 2254 petition timely); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same).[3]

---

[3] An application is deemed "properly filed" if it was accepted for filing by the addressee court and such acceptance occurred within the time limits prescribed by the governing state law. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005); see also Artuz v. Bennett, 531 U.S. 4 (2000). Here, the Court presumes, without making a factual finding to that effect, that Petitioner's PCR application and all appeals from denial of PCR were properly filed under the state law. Correspondingly, at this juncture, the Court does not concern itself with the possibility that Petitioner's PCR appeals, either with the Appellate Division or with the Supreme Court of New Jersey, were filed out of time, under the state courts' "nunc pro tunc" model which, if utilized, adds the periods of delayed filings to the calculation of the AEDPA period. See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80 (3d Cir. 2013); see also Webster v. Ricci, 2013 U.S. Dist. LEXIS 88945, at *15-17 and nn. 13-15 (D.N.J. June 25, 2013) (detailing the Jenkins rule as applied to the § 2254 claims raised by New Jersey state prisoners).

The AEDPA statute of limitations is also subject to equitable tolling. See Holland v. Florida, 560 U.S. 631 (2010); Miller, 145 F.3d at 618. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (a) that he has been pursuing his rights diligently, and (b) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418; see also Holland, 560 U.S. 631. Unlike in the state forum with regard to PCR limitations period, a litigant's excusable neglect cannot trigger equitable tolling under the AEDPA. See Merritt, 326 F.3d at 168; Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Rather, equitable tolling could be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005); see also Holland, 560 U.S. at ___; 130 S. Ct. at 2562 (relying on Pace, 544 U.S. at 418). Moreover, even where extraordinary circumstances do exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322

F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Here, Petitioner's submission is silent as to any basis for equitable tolling. While the Court recognizes that the gap-time between the expiration of Petitioner's AEDPA period and his filing of PCR application was a relatively short time span of three weeks, i.e., from December 20, 2007, to January 10, 2008, the facts that: (a) Petitioner failed file a "protective" § 2254 application prior to December 20, 2007, or – at the very least – right upon recognizing that the filing of his PCR application took place after the expiration of his AEDPA period;[4] and, moreover, (b) Petitioner waited at *least six and a half months* after the Supreme Court of New Jersey denied him certification as to his PCR application on November 16, 2012, before executing the instant Petition on April 26, 2013,[5] prevent the Court from finding a viable basis for equitable tolling. See Jenkins, 705 F.3d at 89 (equitable tolling

---

[4] The Supreme Court observed that, in the event that a state prisoner is "reasonably confused" as to whether his petition would be timely, that prisoner could file a protective § 2254 petition. See Pace, 544 U.S. at 416-417. "A prisoner . . . might avoid [dismissal of his federal habeas petition on the grounds of untimeliness] by filing a 'protective' petition in federal court." Id. (citation omitted).

[5] The Clerk received the Petition only on May 10, 2013. See Docket Entry No. 1. However, without making a factual filing to that effect, the Court presumes that the Petition was submitted to Petitioner's prison officials on April 26, 2013, and thus became subject to the prisoners' mail-box rule the same day.

7

is warranted only where the inmate's actions show that he "has not been "sleeping on his rights'" throughout both the state direct and PCR process, as well as in seeking § 2254 habeas review) (quoting Munchinski v. Wilson, 694 F.3d 308, 331 (3d Cir. 2012)).

In light of the foregoing, the Petition is subject to dismissal as facially untimely.[6] However, out of an abundance of caution, the Court will allow Petitioner an opportunity to state his grounds for equitable tolling, if any, and to show that he is subjected to such continuing collateral consequences that prevent his Petition from being rendered moot.[7]

III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.

---

[6] Moreover, even if Petitioner has grounds for equitable tolling which he, inadvertently, omitted to state in his Petition, the Petition appears moot since Petitioner's sentence under attack expired, the latest, on August 11, 2013, even if Petitioner was never paroled on that sentence. Thus, unless Petitioner establishes "continuing collateral consequences" of the expired sentence he is attacking in this proceedings, his Petition should be dismissed as moot. The collateral consequences cognizable in such a scenario are limited to a showing of a "wrongful criminal conviction." Spencer v. Kemna, 523 U.S. 1, 8 (1998). Notably, the probation or parole effects cannot amount to "continuing collateral consequences" preventing dismissal on the mootness grounds. See United States v. Kissinger, 309 F.3d 179 (3d Cir. 2002).

[7] Since Petitioner is a pro se litigant, he need not make a formal response to this Court's order, and a written statement detailing all relevant Petitioner's facts shall suffice.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable that this Court was correct in its finding that the Petition, as drafted, is untimely and, in addition, suggests that Petitioner's claims might have been rendered moot. Accordingly, no certificate of appealability will issue.

IV. CONCLUSION

For the foregoing reasons, the Petition will be dismissed with prejudice. No certificate of appealability will issue. The Court

9

will retain temporary jurisdiction over this matter to address Petitioner's written statement as to the untimeliness and mootness issues. An appropriate Order follows.

                                                  s/Renée Marie Bumb
                                                  **RENÉE MARIE BUMB**
                                                  **United States District Judge**

Dated: October 10, 2013